UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE OSCAR BLANCO-NAVAR,

    Movant,

v.

    File No. 1:09-CV-1035

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                       /

## **O P I N I O N**

This matter is before the Court on Movant Jose Oscar Blanco-Navar's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, (Dkt. Nos. 1, 5, Mot. to Vacate, Supplement.) Movant also filed a motion to obtain transcripts. (Dkt. No. 2, Mot. to Obtain Trs..) For the reasons that follow, both motions will be denied.

**I.**

Movant was indicted on October 15, 2008, for (1) possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B)(ii); (2) distribution of cocaine within 1000 feet of a school in violation of 21 U.S.C. 860(a), 841(a)(1), and 841(b)(1)(B)(ii); and (3) being an illegal alien found in the United States after being deported in violation of 8 U.S.C. 1326(a), 1326(b)(2), and 1101(a)(43)(B). Movant pleaded guilty to all three counts on December 11, 2008, without a written plea agreement. (File No. 1:08-CR-249, Dkt. No. 17, Indictment.) On March 20, 2009, this Court sentenced Movant to 108 months of

incarceration followed by 8 years of supervised release. (File No. 1:08-CR-249, Dkt. No. 22, J.) Movant filed his § 2255 motion on November 12, 2009. (Dkt. No. 1.) Movant also filed a motion to obtain transcripts on the same date. (Dkt. No. 2.)

## II.

To prevail on a § 2255 motion, "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not

subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks relief based on ineffective assistance of counsel, for which he has two distinct claims: (1) Counsel failed to file notice of appeal; and (2) Counsel failed to provide translations of the plea agreement and indictment. (Dkt. Nos. 1, 5.)

To make out a claim of ineffective assistance of counsel, a movant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced movant. *Strickland v. Washington*, 466 U.S. 668,

3

687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

Movant's first claim is that Counsel failed to file a notice of appeal. (Dkt. No. 1.) Counsel is only required to file a notice of appeal upon the request of the client, and in the absence of such request, Counsel must at the very least consult with the client about the benefits and drawbacks of filing an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Consultation occurs when the attorney "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." *Id.* If consultation has occurred, then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* (emphasis added). If, on the other hand, the counsel failed to consult with her client, then the court must address whether the failure to consult, by itself, is indicative of deficient performance. *See id.*

Movant does not provide any facts to support his claim that he requested Counsel file a notice of appeal. Movant's allegations are conclusory rather than a statement of facts. Additionally, the record contains a letter from Counsel to Movant stating that "[b]ecause there is no basis for an appeal in this case, and based on our discussions, I have not filed an appeal." (File No. 1:08-CR-249, Dkt. No. 31, Attach. 1.) Movant's assertion of ineffective assistance of Counsel for failing to file an appeal is frivolous because he provides no facts

4

or evidence of any kind, and his assertions are directly controverted by the record.

Movant also requested transcripts to assist him with completing his § 2255 motion. (Dkt. No. 2.)

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f) (1994). Movant generally requested "transcripts" and did not specify which transcripts he intended to obtain or what they would show. (Dkt. No. 2.) "Since any discussion he may have had with his trial counsel as to the desirability of appeal would not normally appear in the transcript of proceedings at trial, the furnishing of such transcript would not have aided him in refreshing his recollection of such discussions." *United States v. MacCollom*, 426 U.S. 317, 327 (1976). The transcript is not necessary to decide the issue presented and the request for transcripts is regarding a frivolous claim; therefore the motion requesting a transcript is denied as to Movant's first claim.

Movant's second claim is that Counsel was ineffective for failing to provide any documents related to the plea agreement or indictment with translations. (Dkt. Nos. 1, 5.) Movant does not here assert any specific facts to support his claims and does not provide any information about what information was not provided, or how he was prejudiced by Counsel's failure to provide documents.

As with Movant's first claim, Movant requested copies of transcripts to further

5

support his claim of ineffective assistance of Counsel. (Dkt. No. 2.) Transcripts of the proceedings would not show what occurred between Counsel and Movant. Movant himself could have alleged the facts that would show what information Counsel failed to provide and how it prejudiced Movant. "Respondent made only a naked allegation of ineffective assistance of counsel . . . The failure to flesh out this aspect of respondent's claim of ineffective assistance of counsel, then, is not likely to have been cured by a transcript." *MacCollom*, 426 U.S. at 327. Because Movant did not make out his second claim, it will be dismissed for lack of merit and for containing conclusions rather than facts. His request for transcripts will also be denied as to his second motion because the claim is frivolous and the transcripts are not necessary to decide the issue raised.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied and Movant's motion to obtain transcripts will also be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket

denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: October 19, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE